UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

CARSTEN SCHUER,

    Plaintiff,

v.

MORRISON EXPRESS CORPORATION (U.S.A.),
a Foreign Profit Corporation,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant Morrison Express Corporation (U.S.A.) ("Defendant"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida. The removal of this action is based upon the following:

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

    1.    On May 5, 2023, Plaintiff Carsten Schuer ("Plaintiff") filed a civil action against Defendant in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, styled *Carsten Schuer v. Morrison Express Corporation (U.S.A.)*, Case No. CACE-23-013341 ("State Court Action").

    2.    Plaintiff asserts Defendant is liable to him for retaliation under the Florida Whistleblower Act ("FWA"). Fla. Stat. §448.102. A true and correct copy of all papers filed in the State Court Action are attached as **Exhibit "A."**

1

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and it is one that may be removed pursuant to 28 U.S.C. §§ 1441 and 1446. More specifically, this is an action between citizens of different states, and the amount of controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

4. The United States District Court for the Southern District of Florida, Fort Lauderdale Division, embraces the location in which the original action was filed. Thus, removal is proper to this Court pursuant to 28 U.S.C. § 1446(a).

5. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of the Notice of Removal with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida and simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff's counsel as reflected by the Certificate of Service.

## II.    DIVERSITY OF CITIZENSHIP EXISTS

6. In order to qualify for diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant. *See MacGinnitie v. Hobbs Group*, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005) (providing that citizenship for diversity purposes is determined at the time the suit is filed).

7. An individual is a citizen in the state in which he or she is domiciled. In his Complaint, Plaintiff admits that he is a resident of Broward County, Florida. Compl. ¶5. Plaintiff is, therefore, a citizen of Florida for purposes of diversity jurisdiction.

8. For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is, and was at the commencement of the State Court Action, a corporation organized

under the laws of the State of California. *See* Declaration of Vincent Kao ("Kao Decl.") at ¶3, attached as **Exhibit "B"**. Plaintiff admits Defendant is a foreign corporation. *See* Compl. at 1.

9. In addition, Defendant's principal place of business (*i.e.*, its corporate offices and headquarters, which house Defendant's executive and administrative functions) is located in California. Kao Decl. ¶¶4-5. Thus, Defendant is a citizen of California, where it is incorporated and where it has its principal place of business. *See Hertz Corp. v. Friend,* 559 U.S. 77, 78 (2010) (the principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities").

10. Defendant is therefore not a citizen of the State of Florida and, in fact, is a citizen of a different state than Plaintiff. Thus, diversity of citizenship exists between the parties.

### III. THE AMOUNT IN CONTROVERSY EXCEEDS THE STATUTORY LIMIT

11. Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction also requires the amount in controversy to "exceed the sum or value of $75,000.00."

12. Plaintiff's Complaint alleges damages exceeding $50,000.00, exclusive of interest, costs and attorneys' fees. Compl. ¶2. Where the initial pleading does not demand a specific sum, the notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A). A removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and need not submit evidence in support thereof. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

13. In assessing the amount in controversy, the Court considers the value of Plaintiff's claims by estimating the amounts that "will be put at issue during the litigation," and *not* how much plaintiff is ultimately likely to recover. *See S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751

(11th Cir. 2010) (citation omitted) (explaining "the plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover"). In conducting its analysis, the Court may rely upon its "judicial experience and common sense," rather than a plaintiff's self-serving representations that the value of his claims is indeterminate. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010).

14.  A plain reading of Plaintiff's Complaint – together with the jurisdictional allegations herein – demonstrates the amount in controversy exceeds the sum of $75,000.00, and thus, meets the jurisdictional amount required for removal based on diversity. *See* 28 U.S.C. § 1332(a). Specifically, Plaintiff claims damages as a result of his March 3, 2023 alleged unlawful termination, including damages for back pay, compensatory damages, and attorneys' fees and costs. Compl. ¶¶ 7-9.

15.  As to lost wages, back pay should be calculated from the time of the adverse employment action through the date of trial. *E.g., Pope v. 20/20 Commc'ns, Inc.*, No. 8:15-cv-1774-30JSS, 2015 WL 5165223, at *2 (M.D. Fla. Sept. 2, 2015) (back-pay damages calculated through proposed date of trial); *Hendry v. Tampa Ship, LLC*, No. 8:10-cv-1849-T-30-30TGW, 2011 WL 398042, *2 (M.D. Fla. Feb. 4, 2011) ("Back pay is generally calculated from the date of the adverse employment action to the date of judgment."); *Penalver v. N. Elec., Inc.*, No. 12-80188-CIV, 2012 WL 1317621, at *3 (S.D. Fla. Apr. 17, 2012) (calculating back pay through the "first possible trial date" approximately ten months after removal); *Messina v. Chanel, Inc.*, No. 10-24518-CIV, 2011 WL 2610521, at *2 (S.D. Fla. July 1, 2011) (including back pay through estimated time of trial eighteen months in the future); *See Wineberger v. Racetrac Petroleum, Inc.*, No. 5:14-cv-653-Oc-30PRL, 2015 WL 225760, at *3 (M.D. Fla. Jan. 16, 2015) (calculating back

4

pay from termination through estimated trial date of twenty-four months after complaint was filed, along with front pay of one year), *aff'd by Wineberger v. RaceTrac Petroleum, Inc.*, 672 F. Appx. 914, 917 (11th Cir. 2016).

16. When Plaintiff was employed for Defendant, he earned a base annual salary of $240,000.00 per year. *See* Kao Decl. ¶ 6. Thus, following Plaintiff's termination on March 3, 2023, his lost wages were approximately $4,615.38 per week. As of the date of this removal, it has been approximately 12 weeks since Plaintiff's employment ended. Accordingly, Plaintiff's back pay to date is approximately $55,384.61 not including the value of benefits. Adding an additional year of back pay to account for the expected time between now and trial (assuming an additional year until trial), Plaintiff could recover approximately $295,384.62 in total back pay.

17. Additionally, district courts routinely include compensatory damages in the form of pain and suffering, which Plaintiff claims in this case, in the jurisdictional amount as well. *See Bartley v. Starwood Hotel & Resorts Worldwide, Inc.*, No. 07-80637-CIV, 2007 WL 2774250, at *1 (S.D. Fla. Sept. 24, 2007) (finding that complaint "clearly established" amount in controversy based on general allegations of mental anguish including pain and suffering). Here, Plaintiff seeks "mental pain and suffering, anxiety, and emotional distress" damages. Compl. ¶60. Based on the case law above, $25,000.00 for emotional pain and suffering is a very conservative estimate to include in the amount in controversy calculation.

18. Adding Plaintiff's claim for attorneys' fees, which are recoverable under the FWA, to the amount in controversy calculation, there is no question the amount in controversy exceeds $75,000.00. *See Penalver*, 2012 WL 1317621 at *3 (including reasonable attorney's fees in amount of controversy calculation). Attorneys' fees through trial, coupled with the unmitigated back pay damages, would certainly exceed the amount in controversy alone.

5

19. Although Defendant denies Plaintiff's allegations and the damages he claims, it is evident that the amount in controversy, exclusive of interest and costs, far exceeds the sum of $75,000.00. *See* 28 U.S.C. ¶ 1332(a); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (the amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal).

## IV.   NOTICE AND TIMELINESS

20. Finally, this Notice of Removal has been given to Plaintiff and has been filed with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, within thirty days of the date service was deemed effected and is therefore timely according to 28 U.S.C. § 1446. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit "C."**

21. A copy of the Complaint and Summons in the State Court Action was served upon the registered agent of Defendant on May 12, 2023. Thus, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), within thirty-days (30) from the date on which Defendant first received notice of the State Court Action.[1]

WHEREFORE, Defendant Morrison Express Corporation (U.S.A.) respectfully requests that the action now pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida be removed to this Court.

---

[1] Since the 30-day removal deadline falls on Sunday, June 11, 2023, the removal deadline is June 12, 2023. *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

| | |
|---|---|
| Dated: June 12, 2023 | /s/ Miguel Morel |
| | Miguel A. Morel |
| | Fla. Bar No.: 89163 |
| | E-mail: mamorel@littler.com |
| | LITTLER MENDELSON, P.C. |
| | Wells Fargo Center |
| | 333 SE 2nd Avenue, Suite 2700 |
| | Miami, FL 33131 |
| | 305.400.7500 (Tel) |
| | 305.675.8497 (Fax) |
| | |
| | ***Attorneys For Defendant*** |
| | ***Morrison Express Corporation (U.S.A.)*** |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 12th day of June 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Miguel A. Morel
Miguel A. Morel

**SERVICE LIST**

Anisley Tarragona
E-mail: anisley@btattorneys.com
Jason D. Berkowitz
E-mail: jason@btattorneys.com
BT LAW GROUP, PLLC
3050 Biscayne Blvd., Suite 205
Miami, Florida 33137
Telephone:  305.507.8506

*Attorneys for Plaintiff*

Miguel A. Morel
E-mail: mamorel@littler.com
Littler Mendelson, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL  33131
Telephone: 305.400.7500
Facsimile: 305.675.8497

*Attorneys for Defendant*

Stephanie Turk
E-mail: sturk@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, FL 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

*Attorneys for Defendant*