# EXHIBIT A



|   |

Menu ☰

The Clerk's Office will be closed on Monday, June 19th, in observance of Juneteenth

**Is your court hearing being held via Zoom? Learn more about Remote Court Hearings by Zoom (/GeneralInformation/Miscellaneous#RemoteHearingsbyZoom)**

# Case Detail - Public

 Print

## Carsten Schuer Plaintiff vs. Morrison Express Corporation (U.S.A.) Defendant

**Broward County Case Number:** CACE23013341
**State Reporting Number:** 062023CA013341AXXXCE
**Court Type:** Civil
**Case Type:** Other - Discrimination Employment or Other
**Incident Date:** N/A
**Filing Date:** 05/05/2023
**Court Location:** Central Courthouse
**Case Status:** Pending
**Magistrate Id / Name:** N/A
**Judge ID / Name:** 08 Haimes, David A.

— Party(ies)                                                              Total: 2

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Schuer, Carsten** | | ★ Tarragona, Anisley Retained Bar ID: 51626 BT Law Group, PLLC 3050 Biscayne Blvd Ste 205 Miami, FL 33137 **Status: Active** |
| | | | Berkowitz, Jason Daniel Retained Bar ID: 55414 Jackson Lewis P.C. 2 S Biscayne Blvd Ste 3500 Miami, FL 33131-1802 **Status: Active** |
| Defendant | **Morrison Express Corporation (U.S.A.)** | | ★ Turk, Stephanie L. Retained Bar ID: 99138 Stearns Weaver Miller Weissler Alhadeff 150 W Flagler St Ste 2200 Miami, FL 33130 **Status: Active** |

— Disposition(s)                                                                 Total: 0

| Date | Statistical Closure(s) |
|---|---|
|  |  |

| Date | Disposition(s) | View | Page(s) |
|---|---|---|---|
|  |  |  |  |

— Collection(s)                                                                   Total: 0

**There is no Collection information available for this case.**

— Event(s) & Document(s)                                                    Total: 8

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 05/31/2023 | **Motion for Extension of Time** | | 📄 | 5 |
| 05/31/2023 | **Order Extending Time** | | 📄 | 2 |
| 05/31/2023 | **Notice of Appearance** | Party: *Defendant* Morrison Express Corporation (U.S.A.) | 📄 | 3 |
| 05/15/2023 | **Summons Returned Served** | 12th day of May, 2023 Party: *Defendant* Morrison Express Corporation (U.S.A.) | 📄 | 4 |
| 05/08/2023 | **eSummons Issuance** | Party: *Defendant* Morrison Express Corporation (U.S.A.) | 📄 | 3 |
| 05/05/2023 | **Per AOSC20-23 Amd12, Case is determined General** | | | |
| 05/05/2023 | **Civil Cover Sheet** | Amount: $100,001.00 | 📄 | 3 |
| 05/05/2023 | **Complaint (eFiled)** | | 📄 | 9 |

---

**−**  Hearing(s)                                                          Total: 0

**There is no Disposition information available for this case.**

---

**−**  Related Case(s)                                                     Total: 0

**There is no related case information available for this case.**

---

## Brenda D. Forman

### Clerk of Court

Broward County

17th Judicial Circuit

MORE ABOUT THE CLERK (/ABOUTUS/ABOUTTHEOFFICE#ABOUTTHECLERK)                    ›

 (https://www.facebook.com/browardclerkofcourts/)

## Connect with Us

COURTHOUSE LOCATIONS (/ABOUTUS/HOURSANDLOCATIONS#COURTHOUSELOCATIONS)          ›

CONTACT US (/ABOUTUS/ABOUTTHEOFFICE#CONTACTUS)                                 ›

DISCLAIMER AGREEMENT (/GENERALINFORMATION/MISCELLANEOUS#DISCLAIMERAGREEMENT)   ›

CLERK DIRECTORY (/ABOUTUS/HOURSANDLOCATIONS#CLERKDIRECTORY)                    ›

TELL US WHAT YOU THINK (/MISCELLANEOUS/CLERKSURVEYS)                           ›

## Accessibility & Support

ADA NOTICE (/GENERALINFORMATION/MISCELLANEOUS#ADA)                             ♿

PRINT                                                                          🖶

FREQUENTLY ASKED QUESTIONS (HTTPS://WWW.BROWARDCLERK.ORG//WEB2/CASESEARCHECA/FREQUENTQUESTIONS/)

GLOSSARY OF TERMS (HTTPS://WWW.BROWARDCLERK.ORG//WEB2/CASESEARCHECA/GLOSSARY/)  »

## Main Courthouse Location

201 SE 6th Street

Fort Lauderdale
Florida, US 33301
Phone: (954) 831-6565

PUBLIC RECORDS CUSTODIAN (/GENERALINFORMATION/MISCELLANEOUS#PUBLICRECORDSCUSTODIAN) ›
*PURSUANT TO 119.12(2), F.S.*

PUBLIC ACCESS TO JUDICIAL RECORDS (/GENERALINFORMATION/MISCELLANEOUS#JUDICIALRECORDRULE) ›
*PURSUANT TO RULE 2.420*

Under Florida law, email addresses are public records. If you do not want your email address released in response to a public records request, do not send electronic mail to this entity.
Instead, contact this office by phone or in writing.

© 2023 - All rights reserved

Case 0:23-cv-61130-RNS Document 1-2 Entered on FLSD Docket 06/12/2023 Page 7 of 37

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

Case No. _____

CARSTEN SCHUER,

     Plaintiff,

vs.

MORRISON EXPRESS CORPORATION
(U.S.A), a Foreign Profit Corporation,

     Defendant.

_____/

## COMPLAINT

Plaintiff, Carsten Schuer ("Plaintiff"), sues Defendant, Morrison Express Corporation (U.S.A.) ("Defendant" or the "Company"), and alleges as follows:

1. This is an action by Plaintiff against Defendant, Plaintiff's former employer, for retaliation in violation of Florida's private sector Whistleblower Act, Fla. Stat. § 448.101 *et seq.* ("FWA").

2. Plaintiff seeks damages exceeding $50,000, exclusive of attorneys' fees and costs.

3. Plaintiff seeks all damages and relief provided for under the FWA, including attorneys' fees and costs pursuant to Fla. Stat. § 448.104.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff is an individual over the age of 18 and is otherwise *sui juris*.

5. During the relevant period, Plaintiff was a resident of Broward County Florida.

6. Defendant is a business entity which, during the relevant period, was a Foreign Profit Corporation that was authorized to do business in the State of Florida.

7.     During the relevant period, Plaintiff was employed by and performed services for Defendant in Broward County, Florida.

8.     During the relevant period, Defendant operated, conducted, engaged in, or carried on through its agents and apparent agents a business venture in the State of Florida, or had an office or agency in the State of Florida.

9.     Defendant is a private third-party provider of freight forwarding and logistics services. *See* https://morrisonexpress.com/about-us (last visited May 5, 2023).

10.     This Court has jurisdiction over Plaintiff's claims as events leading to the filing of this Complaint took place in Broward County, Florida.

11.     Venue is proper in Broward County because actions which form the basis of this Complaint occurred within Broward County, Florida.

12.     During the relevant period, Defendant was an "employer" as that term is defined under the FWA.

13.     During the relevant period, Plaintiff was an "employee" as that term is defined under the FWA, as Plaintiff performed services for, and was under the control and direction of, Defendant, and was provided wages and other remuneration by Defendant.

**PLAINTIFF HAS EXHAUSTED ADMINISTRATIVE REMEDIES**

14.     Claims under the FWA do not have prerequisites or preconditions to filing a lawsuit.

15.     Plaintiff has met all prerequisites and preconditions to filing this lawsuit and/or any prerequisites and preconditions have been waived.

**FACTUAL ALLEGATIONS**

16.     Plaintiff was hired by Defendant as a General Manager, Americas Region, on or

2

about February 14, 2022.

17.     During the relevant period, Plaintiff was supervised by Danny Chiu, Defendant's owner and Chief Executive Officer.

18.     When Plaintiff was hired, the first objective Mr. Chiu asked Plaintiff to meet was to stabilize the Americas Region (the "Region"), which included North America and South America, as that region was suffering from high staff turnover and operational issues.

19.     Under Plaintiff's leadership, the Region's productivity improved rapidly, and the Region's receivables decreased significantly. Plaintiff also successfully reduced staff turnover in the Region.

20.     For much of Plaintiff's employment, Mr. Chiu expressed his satisfaction with Plaintiff's performance and frequently gave him accolades.

21.     In fact, the Company gave Plaintiff a bonus of $62,000 in August 2022, which was significantly higher than the bonus provided for in his offer letter from the Company.

22.     Additionally, during weekly meetings, Mr. Chiu approved Plaintiff's plans for the Region and complimented Plaintiff often on the progress he was making.

23.     In or about October 2022, while Plaintiff continued stabilizing the Region and improving operations, Plaintiff began to question the finances of the Region, including the profit and loss structure as, for example, there was a lack of visibility as to the breakdown of costs per product.

24.     At first, Mr. Chiu agreed with Plaintiff's concerns about the Region's profit and loss structure, but stated that it was not a priority for the Company.

25.     Plaintiff reiterated his concerns during his weekly meetings with Mr. Chiu and requested updates on various financial topics during these meetings. Mr. Chiu, however, continued

to be dismissive of Plaintiff's concerns, claiming repeatedly that he "would look into it."

26.     In or about December 2022, during the Company's 50th anniversary party, Mr. Chiu had several meetings with Plaintiff.

27.     Plaintiff again raised concerns about the Region's profit and loss statements as well as the visibility of the profit share financial processes as the Company was showing a loss for Earnings Before Interest and Taxes ("EBIT") over the past few months, which Plaintiff believed was inaccurate.

28.     Mr. Chiu became angry, raised his voice, and demanded that Plaintiff stop bringing up this topic because, according to Mr. Chiu, the Finance Department for the Company would address this matter.

29.     After the December 2022 meetings, Plaintiff took time off for the holidays and returned to work during the second week of January 2023.

30.     Upon his return, Plaintiff reviewed the financial statements for the Region for 2022. The financial statements reflected an EBIT of minus $2.1 million in 2022, which was inaccurate.

31.     Plaintiff then reviewed the final profit and loss statement and the budget for 2022. While reviewing these records, Plaintiff noticed that for Ocean Imports, the achieved revenue was 85% while the achieved gross margin was only 25%.

32.     Plaintiff knew that from a financial standpoint, it would not make sense to have such a large gap between achieved revenue and achieved gross margin.

33.     Plaintiff then ran a report in Tableau (which was a finance reporting tool for the Company) and compared the report with the final profit and loss statement. Plaintiff noticed that for Ocean Imports, approximately $5 million of gross margin was not reflected in the final profit and loss statement even though it showed in Tableau.

4

34.     Plaintiff was troubled by the inaccuracy of the profit and loss statement.

35.     Because Plaintiff had not received any response from Mr. Chiu or any other member of senior management about the $5 million "loss" for Ocean Imports, Plaintiff reviewed the profit and loss statements for previous years.

36.     Plaintiff discovered that Defendant reported an average loss in pretax income from 2012 to 2022 of approximately $5.2 million per year for the Region.

37.     Plaintiff was shocked by this discovery given that the gross margin and gross revenue had been generally increasing each year in the Region during this same period.

38.     During Plaintiff's next meeting with Mr. Chiu, Mr. Chiu began treating Plaintiff differently and criticized Plaintiff for administrative matters that were often beyond Plaintiff's control. For example, the Region's revenue had been low through 2022 and, unsurprisingly, was low to begin 2023. During 2022, Mr. Chiu was well aware that because of market reasons, revenue was low and Plaintiff was working on a plan to reduce costs.

39.     However, after Plaintiff expressed his concerns about the loss of $5 million, Mr. Chiu demanded that Plaintiff take immediate steps to reduce costs in the Region as Mr. Chiu acted like it was suddenly an urgent issue.

40.     Mr. Chiu then began including Vincent Kao (the newly hired Global Vice President) and Benjamin Lin (Chief Financial Officer) in the weekly meetings.

41.     During a meeting in February 2023, Mr. Chiu requested that Plaintiff provide weekly financial reports so that he could closely monitor Plaintiff and the Region.

42.     During one meeting, Mr. Chiu commented that Plaintiff needed to "know [his] numbers" and Plaintiff explained that he had been trying for months to obtain clear information

about the Company's financial reporting process because of, for example, the $5 million "loss" for Ocean Imports, but had not yet received any explanation.

43.     Even though Mr. Lin, as the Chief Financial Officer, could have, or should have, been able to explain the "loss," Mr. Lin stayed silent during the meetings.

44.     During a Global Operations Committee meeting in or about February 2023, in which Mr. Chiu was present along with Frankie Ocasio - Head of Airfreight, Tyler Christoffersen - Head of Domestic, Phillip Cho – Head of Sales, Elisa Liao – Head of Oceanfreight, Mr. Lin, and Betty Lee – Finance Controller, Plaintiff raised his concerns again about the missing Gross Margin for Ocean Imports and insisted that this inaccuracy be addressed.

45.     Mr. Chiu then met with Plaintiff and claimed that he was not happy with Plaintiff's performance.

46.     Plaintiff disagreed with Mr. Chiu's assessment for several reasons. For example, under Plaintiff's leadership, the receivables in the Region had decreased and he had met other financial goals, including stabilizing the Region and improving the Region's business development.

47.     On March 2, 2023, Plaintiff met with Mr. Kao and reiterated his concerns about, among other things, the $5 million gap for Ocean Imports.

48.     Mr. Kao confirmed to Plaintiff that he was right but warned Plaintiff not to share these concerns with Mr. Chiu.

49.     The next day, March 3, 2023, Plaintiff was asked by Mr. Kao to join him in the conference room where Mr. Chiu and a representative from Human Resources, Joanna Skradlant, were waiting.

50.     At the meeting, Plaintiff's employment was terminated without any explanation

and handed a general release to sign.

51.     Prior to his termination, Plaintiff complained repeatedly, and in good faith, about Defendant's actual (or Plaintiff's reasonable belief of a) violation of, among other laws, rules, and regulations, 28 U.S.C. § 7201 of the U.S. Internal Revenue Code – Attempt to Evade or Defeat Tax.

52.     As a direct and proximate cause of Plaintiff's complaints about Defendant's violations of various laws, rules, and regulations, including 28 U.S.C. § 7201, Plaintiff was unlawfully terminated on March 3, 2023, in violation of the FWA.

53.     Defendant's retaliatory treatment of Plaintiff was a flagrant violation of the FWA.

54.     By complaining in good faith that Defendant was violating laws, rules, and/or regulations, Plaintiff was entitled to protection under the FWA.

55.     Because of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

56.     Plaintiff hired the undersigned law firm to represent him in this case and has agreed to pay the firm a reasonable fee for its services.

<u>**COUNT I**</u>
**RETALIATION UNDER THE FWA AGAINST DEFENDANT**

57.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 56 above as though fully recited herein.

58.     Defendant violated the FWA which provides, in pertinent part, that "[a]n employer may not take any retaliatory personnel action against an employee because the employee has . . . [o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Fla. Stat. § 448.102(3).

59.     Defendant's termination of Plaintiff was a direct and/or proximate result of

7

Plaintiff's complaints about, or objections to, several of Defendant's activities, policies or practices which were in violation of laws, rules, or regulations.

60.     As a direct and proximate result of Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering, anxiety, and emotional distress.

61.     Any alleged justification by Defendant for terminating Plaintiff's employment is a mere pretext for the actual reason, which was Plaintiff's complaints about, or objections to, the activities, policies, and/or practices of Defendant which were in violation of laws, rules, and/or regulations.

62.     Defendant's actions were malicious and recklessly indifferent to Plaintiff's rights under the FWA.

63.     The actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard for the consequences of its actions.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A.     Grant an injunction enjoining Defendant and its officers, owners, partners, managers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which violates the FWA;

B.     Award Plaintiff back pay;

C.     Require Defendant to reinstate Plaintiff to the same position at the same rate of pay and with the same benefits that Plaintiff would have had had Plaintiff not been retaliated against by Defendant, or in lieu of reinstatement, award front pay;

D.     Award Plaintiff compensatory damages;

E.     Award any other compensation allowed by law, including attorneys' fees, costs,

and expenses pursuant to Fla. Stat. § 448.104; and

      F.      Award all other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of all issues so triable.

Dated: May 5, 2023

                               Respectfully submitted,

                               **BT LAW GROUP, PLLC**
                               3050 Biscayne Blvd., Suite 205
                               Miami, Florida 33137
                               Tel: (305) 507-8506

                               By: s/ Anisley Tarragona
                               **ANISLEY TARRAGONA, ESQ.**
                               Florida Bar No. 51626
                               anisley@btattorneys.com
                               **JASON D. BERKOWITZ, ESQ.**
                               Florida Bar No. 0055414
                               jason@btattorneys.com

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Carsten Schuer</u>
Plaintiff                                                                  Case # _____

                                                                           Judge _____

vs.

<u>Morrison Express Corporation (U.S.A.)</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐  $8,000 or less
- ☐  $8,001 - $30,000
- ☐  $30,001- $50,000
- ☐  $50,001- $75,000
- ☐  $75,001 - $100,000
- ☒  over $100,000.00

### III.    TYPE OF CASE        (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Anisley Tarragona        Fla. Bar # 51626
        Attorney or party        (Bar # if attorney)

Anisley Tarragona        05/05/2023
(type or print name)        Date

Case 0:23-cv-61130-RNS   Document 1-2   Entered on FLSD Docket 06/12/2023   Page 19 of 37
CACE-23-013341

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

Case No. CACE-23-013341

CARSTEN SCHUER,

      Plaintiff,

vs.

MORRISON EXPRESS CORPORATION
(U.S.A), a Foreign Profit Corporation,

      Defendant.

_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this Summons and a copy of the complaint or petition in this action on Defendant:

      Morrison Express Corporation (U.S.A.)
      Corporation Service Company, Registered Agent
      1201 Hays Street
      Tallahassee, Florida 32301

## IMPORTANT

Each defendant is required to serve written defenses to the complaint or petition on **Anisley Tarragona, Esq. at BT Law Group, PLLC, plaintiff's attorney, whose address is 3050 Biscayne Boulevard, Suite 205, Miami, Florida 33137**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on:     <u>   MAY 10 2023   </u>

CLERK OF THE CIRCUIT COURT

BY: _____
      As Deputy Clerk



BRENDA D. FORMAN

1

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORTANT**

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.

Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette

2

formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff's Attorneys

**BT LAW GROUP, PLLC**
3050 Biscayne Blvd., Suite 205
Miami, Florida 33137
Tel: (305) 507-8506
**ANISLEY TARRAGONA, ESQ.**
Florida Bar No. 51626
anisley@btattorneys.com
**JASON D. BERKOWITZ, ESQ.**
Florida Bar No. 0055414
jason@btattorneys.com

## RETURN OF SERVICE

| | | |
|---|---|---|
| State of Florida | County of BROWARD | Circuit Court |

Case Number: CACE-23-013341

Plaintiff:
**CARSTEN SCHUER**

vs.

Defendant:
**MORRISON EXPRESS CORPORATION**

OJF2023011576

For:
AINSLEY TARRAGONA
BT LAW GROUP PLLC
3050 BISCAYNE BLVD
STE 205
MIAMI, FL 33137

Received by OJF SERVICES, INC. on the 11th day of May, 2023 at 10:02 am to be served on MORRISON EXPRESS CORPORATION (U.S.A) C/O CORP SERVICE COMPANY, 1201 HAYS ST, TALLAHASSEE, FL 32301.

I, INA MATHERS, do hereby affirm that on the 12th day of May, 2023 at 12:08 pm, I:

Served the within named **CORPORATION** by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me to **CORPORATION SERVICE COMPANY** as **REGISTERED AGENT** at the address of **1201 HAYS ST, TALLAHASSEE, FL 32301**, by serving **SHEENA BLACK** as **ASSOCIATE CUSTOMER SERVICE ASSOCIATE** authorized to accept service for registered agent.

I certify that I am over the age of 18, have no interest in the above action, and that I am a Certified Process Server, in good standing, in the judicial circuit in which the process was served, "under the penalty of perjury", I declare that I have read the foregoing (document) and that the facts stated in it are true, 92.525.

**INA MATHERS**
Certified Process Server #260

**OJF SERVICES, INC.**
**13727 S.W. 152ND ST.**
**PMB# 354**
**MIAMI,, FL 33177**
**(954) 929-4215**

Our Job Serial Number: OJF-2023011576
Ref: 11576

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n

Filing # 172669393 E-Filed 05/08/2023 03:36:49 PM                    CACE-23-013341

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

Case No. CACE-23-013341

CARSTEN SCHUER,

      Plaintiff,

vs.

MORRISON EXPRESS CORPORATION
(U.S.A), a Foreign Profit Corporation,

      Defendant.

_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this Summons and a copy of the complaint or petition
in this action on Defendant:

                Morrison Express Corporation (U.S.A.)
                Corporation Service Company, Registered Agent
                1201 Hays Street
                Tallahassee, Florida 32301

## IMPORTANT

Each defendant is required to serve written defenses to the complaint or petition on **Anisley
Tarragona, Esq. at BT Law Group, PLLC, plaintiff's attorney, whose address is 3050
Biscayne Boulevard, Suite 205, Miami, Florida 33137**, within 20 days after service of this
summons on that defendant, exclusive of the day of service, and to file the original of the defenses
with the Clerk of this court either before service on plaintiff's attorney or immediately thereafter.
If a defendant fails to do so, a default will be entered against that defendant for the relief demanded
in the complaint or petition.

                        MAY 10 2023
      DATED on: _____

      CLERK OF THE CIRCUIT COURT

      BY: _____
           As Deputy Clerk

                                   BRENDA D. FORMAN

1

## **IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## **IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## **IMPORTANT**

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.

Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette

formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff's Attorneys

**BT LAW GROUP, PLLC**
3050 Biscayne Blvd., Suite 205
Miami, Florida 33137
Tel: (305) 507-8506
**ANISLEY TARRAGONA, ESQ.**
Florida Bar No. 51626
anisley@btattorneys.com
**JASON D. BERKOWITZ, ESQ.**
Florida Bar No. 0055414
jason@btattorneys.com

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO:  CACE-23-013341

CARSTEN SCHUER

     Plaintiff,

v.

MORRISON EXPRESS CORPORATION
(U.S.A.), a Foreign Profit Corporation,

     Defendant.

_____/

### NOTICE OF APPEARANCE AND DESIGNATION OF E-MAIL ADDRESSES

The law firm of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., by Stephanie Turk, Esq., files this Notice of Appearance in the above-styled cause as counsel for Defendant, Morrison Express Corporation (U.S.A.), and requests that copies of all motions, notices, orders, correspondence, and other papers be served on the undersigned.

In accordance with Rule 2.516(b)(1)(A) of the Florida Rules of General Practice and Judicial Administration, undersigned counsel hereby designates the following email addresses for service of pleadings and documents:

        Primary email address:       sturk@stearnsweaver.com
        Secondary email address:   amorell@stearnsweaver.com

Dated:  May 31, 2023                   Respectfully submitted,

By: *s/ Stephanie Turk*
STEPHANIE TURK, ESQ.
Florida Bar No.: 99138
E-mail:  sturk@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile:  (305) 789-3395

*Counsel for Defendant Morrison Express Corporation (U.S.A.)*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 31, 2023, undersigned counsel has electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Portal.  Pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.516(b), I also certify that the foregoing document has been furnished to all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Service of Court Document generated by the E-Portal or in some other authorized manner for those counsel or parties who are excused from email service.

By: *s/ Stephanie Turk*
Stephanie Turk, Esq.

## SERVICE LIST

Anisley Tarragona, Esq.
Fla. Bar No.: 51626
anisley@btattorneys.com
Jason D. Berkowitz, Esq.
Fla. Bar No.: 0055414
jason@btattorney.com
BT Law Group, PLLC
3050 Biscayne Blvd., Suite 205
Miami, Florida 33137
Telephone: 305-507-8506

*Counsel for Plaintiff Carsten Schuer*

#11726629 v1

Case 0:23-cv-61130-RNS Document 1-2 Entered on FLSD Docket 06/12/2023 Page 29 of 37

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO: CACE-23-013341

CARSTEN SCHUER

     Plaintiff,

v.

MORRISON EXPRESS CORPORATION
(U.S.A.) a Foreign Profit Corporation

     Defendant.

_____/

### DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendant, MORRISON EXPRESS CORPORATION (U.S.A.), pursuant to Rule 1.090(b)(1)(A) of the Florida Rules of Civil Procedure, hereby files this Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint ("Unopposed Motion"), and states:

1.     On May 5, 2023, Plaintiff filed his Complaint.

2.     On May 12, 2023, Defendant was served with the Complaint.

3.     Defendant's response to Plaintiff's Complaint is currently due on June 1, 2023.

4.     The undersigned law firm was recently retained to represent the Defendant and is still in the process of investigating the allegations, including conferring with several individuals across multiple time zones. Therefore, Defendant requires additional time to adequately respond to Plaintiff's Complaint.

5.     Defendant respectfully requests twenty additional days, or through and including June 21, 2023, to file its response to Plaintiff's Complaint.

6.     Undersigned counsel for Defendant conferred with Plaintiff's counsel about the extension of time to respond to the Complaint and was advised that Plaintiff does not oppose the requested extension.

7.     Defendant has not filed this Motion for purposes of undue delay or to prejudice any party.

8.     A proposed Agreed Order is attached hereto as Exhibit "A."

**WHEREFORE**, for the foregoing reasons, Defendant Morrison Express Corporation (U.S.A.) respectfully requests the Court grant this Unopposed Motion, enter the proposed Agreed Order extending the time for Defendant to file its response to Plaintiff's Complaint through and including June 21, 2023, and grant any other and further relief the Court deems just and proper.

Dated:  May 31, 2023                    Respectfully submitted,

By:  *s/ Stephanie Turk*
STEPHANIE TURK, ESQ.
Florida Bar No.: 99138
E-mail:  sturk@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile:  (305) 789-3395

*Counsel for Defendant Morrison Express Corporation (U.S.A.)*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 31, 2023, undersigned counsel has electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Portal.  Pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.516(b), I also certify that the foregoing document has been furnished to all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Service of Court Document generated by the E-Portal or in some other authorized manner for those counsel or parties who are excused from email service.

By:  *s/ Stephanie Turk*
Stephanie Turk, Esq.

## SERVICE LIST

Anisley Tarragona, Esq.
Fla. Bar No.: 51626
anisley@btattorneys.com
Jason D. Berkowitz, Esq.
Fla. Bar No.: 0055414
jason@btattorney.com
BT Law Group, PLLC
3050 Biscayne Blvd., Suite 205
Miami, Florida 33137
Telephone: 305-507-8506

*Counsel for Plaintiff Carsten Schuer*

3

#11727280 v1

# EXHIBIT A

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO:  CACE-23-013341

CARSTEN SCHUER

     Plaintiff,

v.

MORRISON EXPRESS CORPORATION
(U.S.A.) a Foreign Profit Corporation

     Defendant.

_____/

### <u>ORDER ON DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME<br>TO RESPOND TO PLAINTIFF'S COMPLAINT</u>

THIS CAUSE came before the Court on Defendant's Unopposed Motion For Extension of

Time To Respond to Plaintiff's Complaint (the "Unopposed Motion").  The Court being otherwise

fully advised and noting that the motion is unopposed, hereby ORDERS and ADJUDGES as

follows:

1. The Unopposed Motion is **GRANTED**.

2. Defendant, Morrison Express Corporation (U.S.A.), shall have through and including

    June 21, 2023, to respond to Plaintiff's Complaint.

DONE AND ORDERED this _____ day of _____, 2023, in Broward

County, Florida.

_____
THE HONORABLE DAVID A. HAIMES
CIRCUIT COURT JUDGE

Copies furnished to: *All Counsel of Record*

#11727281 v1

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. <u>CACE23013341</u>   DIVISION: <u>08</u>   JUDGE: <u>Haimes, David A. (08)</u>

**Carsten Schuer**

Plaintiff(s) / Petitioner(s)

v.

**Morrison Express Corporation (U.S.A.)**

Defendant(s) / Respondent(s)

_____ /

## <u>AGREED ORDER</u>

THIS CAUSE came before the Court on Defendant's Unopposed Motion For Extension of Time To Respond to Plaintiff's Complaint (the "Unopposed Motion"). The Court being otherwise fully advised and noting that the motion is unopposed, it is

ORDERED and ADJUDGED as follows:

1. The Unopposed Motion is **GRANTED**.

2. Defendant, Morrison Express Corporation (U.S.A.), shall have through and including June 21, 2023, to respond to Plaintiff's Complaint.

**DONE AND ORDERED** in Chambers at Broward County, Florida on <u>31st day of May, 2023</u>.

<u>CACE23013341 05-31-2023 4:20 PM</u>
Hon. David A Haimes
**CIRCUIT COURT JUDGE**
Electronically Signed by David A Haimes

Copies Furnished To:
Anisley Tarragona , E-mail : anisley@btattorneys.com
Anisley Tarragona , E-mail : jason@btattorneys.com
Stephanie L Turk , E-mail : sturk@stearnsweaver.com

Stephanie L Turk , E-mail : amorell@stearnsweaver.com

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

**CASE NO. CACE-23-013341**

CARSTEN SCHUER,

     Plaintiff,

v.

MORRISON EXPRESS CORPORATION
(U.S.A.) a Foreign Profit Corporation,

     Defendant.

_____

**NOTICE OF APPEARANCE OF COUNSEL AND
<u>DESIGNATION OF E-MAIL ADDRESSES</u>**

     The law firm of Littler Mendelson, P.C. enters the appearance of Miguel A. Morel, Esq. as co-counsel for a Defendant, Morrison Express Corporation (U.S.A.), in the above-styled case, and requests that all papers and pleadings, notices, correspondence, orders, and other papers be served upon the undersigned counsel. Further, pursuant to Florida Rule of Judicial Administration 2.516, the undersigned hereby designate the following primary and secondary e-mail addresses for mail service in the above referenced case.

**MIGUEL A. MOREL**
Primary E-Mail:     mamorel@littler.com
Secondary E-Mail:   grivas@littler.com
Additional E-Mail:   #MiamiECFiling@littler.com

Dated: June 12, 2023

                                      Respectfully submitted,

                                      */s/ Miguel A. Morel*
                                      Miguel A. Morel
                                      Florida Bar No. 89163
                                      Email: mamorel@littler.com
                                      Secondary: grivas@littler.com
                                      LITTLER MENDELSON, P.C.
                                      Wells Fargo Center
                                        333 SE 2nd Avenue, Suite 2700
                                      Miami, FL 33131
                                      Telephone: (305) 400-7500
                                      Facsimile: (305) 603-2552

                                      *Co-Counsel For Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on this 12th day of June 2023, filed a true and correct copy of

the foregoing document with the Clerk of the Court via the My Florida E-Filing Portal System and

a true and correct copy of the foregoing document was served on all counsel of record or pro se

via the My Florida E-Filing Portal System.


<u>/s/ Miguel A. Morel</u>
Miguel A. Morel


<u>**SERVICE LIST**</u>


Anisley Tarragona, Esq.
Email: anisley@btattorneys.com
Jason D. Berkowitz, Esq.
Email: jason@btattorneys.com
BT LAW GROUP, PLLC
3050 Bscayne Blvd.
Suite 205
Miami, FL 33137
Telephone: (305) 507-8506

***Counsel for Plaintiff***

Miguel A. Morel, Esq.
Email: mamorel@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

Stephanie Turk, Esq.
Email: sturk@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, FL 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

***Counsel for Defendant***

4885-5724-1449.1 / 999999-0987